54 CCPA
**Application of Melvin A. COOK and
Douglas H. Pack.**

**Patent Appeal No. 7837.**

United States Court of Customs
and Patent Appeals.

Feb. 16, 1967.

Edwin M. Thomas, Washington, D. C.,
for appellants.

Joseph Schimmel, Washington, D. C.
(George C. Roeming, Washington, D. C.,
of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH,
SMITH and ALMOND, Judges, and
Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This is an appeal from a decision of
the Board of Appeals affirming the
rejection of claims 9–11, 13, and 16–18 [1]
of appellants' reissue application serial
No. 380,969, filed April 23, 1964, for
"Booster." Claims 1–3, corresponding to
the claims in appellants' original patent,[2]
have been allowed.

All of the appealed claims are directed
to a booster article [3] and claim 16 was
deemed illustrative by the board:

16. A protected core multiple-stage
booster adapted to be used for detonat-
ing a main charge of Primacord-
insensitive blasting agents of the order
of sensitivity of ammonium nitrate
prills with 6% fuel oil, sensitized
aqueous ammonium nitrate slurries
and the like, said booster per se
comprising a Primacord-sensitive
*inner core in the form of a thin-walled
tube filled with a mass of Primacord-
sensitive explosive which mass is in-
adequate to reliably detonate said
blasting agent and a larger sheath
mass of Primacord-insensitive explo-
sive of high brisance completely sur-
rounding and compactly confining said
core, said high brisance explosive being
substantially more sensitive to detona-
tion than said blasting agent, said
sheath mass having a detonation-
receiving perforation extending there-
into to a position adjacent to said core
tube so as to cause reliable detonation
of said core by the detonator, the mass*
of the explosive in the core being suffi-
cient to insure reliable detonation of
the sheath mass, and the sheath mass
being sufficient to insure reliable deto-
nation of the main charge.

Claims 9–11 and 13 all depend from
claim 16 and they more particularly
define the elements of the booster.
Claims 17 and 18 are also essentially
similar to claim 16 but they are more
specific.

Appellants' boosters are made by pro-
viding a pair of upstanding rods on a
base and winding a tube containing the
Primacord-sensitive explosive about the
rods. A cylindrical form is then placed

---

* Senior District Judge, Eastern District
of Pennsylvania, sitting by designation.

1. Appellants have withdrawn the appeal
with respect to rejected claim 12 which
is a duplicate of claim 9.

2. U. S. Patent 3,037,453, issued June 5,
1962.

3. The method of making the booster arti-
cle appears to be the subject matter
claimed by appellants in a copending ap-
plication.

over the wound rods and a molten Primacord-insensitive explosive is poured into the form. After the molten explosive is solidified, the assembly is removed from the base and the upstanding rods to yield a booster with two holes through it to receive Primacord detonating fuses.

With respect to the materials to be used in the boosters, appellants' specification states:

> The tube 11 may be made of plastic such as polyethylene, vinyl chloride, vinylidene chloride, polyethylene terephthalate or any of the synthetic rubbers or it may be of cellulosic material such as regenerated cellulose, cellulose acetate or cellulose nitrate. *Additionally, Primacord itself, which contains fine grained PETN, may be used as the tube containing Primacord-sensitive explosive.*

> The Primacord-sensitive explosive 12 contained within the tube is preferably fine-grained material and may be PETN, RDX, amatol, tetryl and fine-grained TNT. The latter is Primacord-sensitive whereas coarse or cast TNT is Primacord-insensitive. If fine-grained TNT is used in the tube and the sheath is cast TNT, a sufficiently heavy walled tube must be used to insulate the TNT within the tube from the heat of the molten TNT which is cast to form the sheath.

> The Primacord-insensitive explosive forming the sheath 10 may be cast or pressed TNT, composition B (59% RDX—40% TNT—1% wax) or composition B-TNT mixtures. *The above possess high brisance but are not consistently detonable by Primacord containing 50 grains of PETN per foot.* [Emphasis added.]

> ✸   *   *   *   *   *

As indicated above, Primacord itself may be used as the tube containing the Primacord-sensitive explosive. In a series of tests, we have found that boosters made from 6 inch to one foot lengths of 50 grain PETN/foot Primacord wound in figure 8 fashion contained within a sheath of 350 grams of

cast 75% composition B, 25% TNT according to the invention yield 100% detonations with a 50 grain PETN/foot Primacord strand running through one hole only. Such boosters cut a clean hole through a one inch thick, 6 x 6 inch steel plate.

The references relied upon are:

Hayes    2,913,982    Nov. 24, 1959
Lowe    2,709,407    May 31, 1955

The patent to Hayes discloses a priming device for detonating insensitive explosives such as ammonium nitrate. The device consists of two concentric tubes having annular space therein-between filled with a charge of crystalline explosive, and a detonating fuse (such as Primacord) in the inner tube. The crystalline explosive is stated to be known in the art and includes:

> *   *   * PETN (pentaerythritol tetranitrate), RDX (cyclonite or cyclotrimethylenetrinitramine), tetryl (tetranitromethylaniline), pentolite (mixtures of PETN and TNT), mixtures of RDX and PETN, *and mixtures of RDX and/or PETN with TNT* (trinitrotoluene). Trinitrotoluene by itself is not sufficiently sensitive for use in the invention. Consequently, when TNT is used in admixture with the more sensitive explosives, the amount of TNT employed will depend on the strength of the particular detonating fuse. In the case of pentolite, for instance, it is usually desirable to employ at least 40% of PETN. It is generally preferred that all mixtures employed have a detonation sensitivity at least as great as that of a pentolite containing 40% PETN and 60% TNT. *Mixtures of equal parts of RDX and TNT are very satisfactory.* RDX, PETN and tetryl are the preferred crystalline explosives. It is preferred to employ the explosive in particulate form although those containing TNT may be cast if desired. *   *   * [Emphasis added.]

The Lowe reference relates to a rigid explosive cartridge which contains a main charge explosive having a pellet booster in the center thereof. The main charge

may be cast TNT or mixtures of TNT with PETN or cyclonite. The pellet booster may be formed by compression of cyclonite, PETN or tetryl, or their mixtures with TNT. A detonator is inserted into the pellet through a channel.

The board affirmed the examiner's rejection of the appealed claims as unpatentable over Hayes in view of Lowe. Additionally, the board held that claims 16–18 failed to "patentably differentiate" over the structure disclosed by Hayes:

We wholly agree with the Examiner's description of the pertinent portions of the Hayes disclosure * * * which states as follows:

"The patent to Hayes discloses a booster for detonating insensitive explosives such as ammonium nitrate explosives comprising a Primacord-sensitive inner core *44* in the form of a thin-walled tube filled with a mass of Primacord-sensitive explosive (PETN) and a larger sheath mass of insensitive explosive *43* completely surrounding and confining said core. The sheath mass *43* has a detonator receiving perforation extending therethrough to a position adjacent said core tube."

Applying the above Hayes disclosure to the structural elements called for in the broadest claim 16, we find that a "Primacord-sensitive inner core in the form of a thin-walled tube filled with a mass of Primacord-sensitive explosive which mass is inadequate to reliably detonate said blasting agent," is readable on element *44* in Hayes, and can be considered equivalent to appellants' first-stage booster material. The "larger sheath mass of Primacord-insensitive explosive of high brisance completely surrounding and compactly confining said core, said high brisance explosive being substantially more sensitive to detonation than said blasting agent," which constitutes appellants' second-stage booster, is readable on the insensitive explosive *43* in Hayes, which has "a detonator-receiving perforation extending therethrough to a position adjacent said core tube."

With regard to insensitive explosive 43, this can be semi-gelatin dynamite, as admitted by appellants (page 13 in their brief), and which, as further admitted by appellants, is of high brisance and is *more* sensitive to detonation than the claimed ammonium nitrate slurries (bottom of page 6 in the brief), thus meeting the required sensitivity differential set forth in the claims.

With regard to claims 9 through 13 and claims 17 and 18 which call for specific explosive compositions, it is our view that the substitution of other similar commercially available, insensitive explosives would be obvious to the skilled artisan.

Appellants contend that the art had no concept of a multiple-stage booster. It is the appellants' position that Lowe and Hayes do not show the use of a second stage booster material which is more sensitive than the main charge but less sensitive than the explosive in the booster core.

The solicitor, on the other hand, urges that all the claims were properly rejected under 35 U.S.C. § 103 as obvious to one skilled in the art in light of the patents to Lowe and Hayes. In addition, the solicitor construes the board's decision as including a rejection of claims 16–18 under 35 U.S.C. § 102.

After a thorough review of the record, we are of the opinion that appellants' contentions do not demonstrate reversible error by the board and that the decision below must be affirmed.

Appellants' claims are directed to a booster which has an inner core of a Primacord-sensitive explosive and a sheath mass of Primacord-insensitive explosive surrounding the core. The above quoted passages from appellants' specification show that the Primacord-sensitive explosive may be Primacord itself or it may be PETN, RDX, tetryl and fine-grained TNT. The Primacord-insensitive explosive may be cast or pressed TNT, a "composition B" (59% RDX—40% TNT—1% wax) or composition B-TNT mixtures. In view of these

definitions for the Primacord-sensitive and Primacord-insensitive explosives, we are in agreement with the board that the elements recited in claim 16 are found in the disclosure of Hayes. Hayes' priming device is shown to be made of a Primacord inner core surrounded by a mass of a crystalline explosive which may be PETN, RDX, and mixtures of RDX and/or PETN with TNT. Hayes found mixtures of about equal parts of RDX and TNT are very satisfactory and that such mixture may be cast if desired. We note that such crystalline explosive mixtures are substantially the same as that disclosed by appellants for their Primacord-insensitive explosive, i.e., composition B or composition B-TNT mixtures. The fact that appellants chose to call their mixture "Primacord-insensitive explosive" and Hayes termed his mixture "crystalline explosive" is of no importance. As indicated above, Hayes' priming device is intended for detonating relatively insensitive blasting agents such as ammonium nitrate.

We are also in agreement with the contention that the appealed claims are obvious in view of the patents to Lowe and Hayes.[4] Lowe discloses an explosive cartridge having an inner core of cyclonite, PETN, or tetryl, or their mixture with TNT. This inner core is surrounded by a main charge of cast TNT. A detonator is inserted to reach the core through a channel in the cartridge. Thus, the only structural difference between Lowe's explosive cartridge and appellants' claimed booster is the "thin-walled tube," recited in the appealed claims, which separates the sensitive core and relatively insensitive sheath mass. We agree that it would be obvious to one skilled in the art to employ such a tube as a housing for the sensitive core as shown by Hayes.

Appellants have filed several affidavits in attempts to overcome the references cited by the examiner. These affidavits all emphasize the multiple-stage feature of appellants' booster. The affiants allege that no multiple-stage booster is disclosed in the reference patents. However, appellants' affidavits are inadequate to overcome what we think is plainly shown in these references.

The decision is affirmed.

Affirmed.

SMITH, Judge, concurs in the result.

---

4. The fact that the board affirmed the examiner's rejection based on Hayes in view of Lowe rather than Lowe in view of Hayes is of no significance. In re Bush, 296 F.2d 491, 49 CCPA 752, 760.